UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN JEFFERY COLE,

      Plaintiff,

v.

SCOTT BUCKNER,

      Defendant.

_____/

Case No. 2:19-cv-13299
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 13)

**A.**    **Background**

Steven Jeffery Cole is currently incarcerated at the Michigan Department of Corrections (MDOC) Marquette Branch Prison (MBP).[1] On November 8, 2019, while incarcerated at Gus Harrison Correctional Facility (ARF), Plaintiff Cole filed the instant lawsuit against dentist Scott Buckner regarding the alleged events of November and December 2016. (ECF No. 1, PageID.5.) Plaintiff is proceeding *in forma pauperis*. (ECF Nos. 2, 3.)

---

[1] *See* www.michigan.gov/corrections, "Offender Search," last visited Feb. 18, 2020.

1

The case was stayed, referred to the *pro se* prisoner early mediation program, and set for an early mediation conference. (ECF No. 4, 7.) However, on January 15, 2020, Judge Morris entered an order lifting the stay. (ECF No. 8.)

Approximately two weeks later, Judge Parker referred this case to me for all pretrial matters. (ECF No. 9.) The USMS attempted service of process upon Defendant, and, on February 10, 2020, Buckner filed an answer, affirmative defenses and a jury demand. (ECF Nos. 11, 12.)

### B. Instant Motion

Currently before the Court is Plaintiff's February 14, 2020 motion for the appointment of counsel. (ECF No. 13.) As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to ***recruit counsel*** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to

volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (citations omitted).[2] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir.

---

[2] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

3

2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

**C.     Analysis**

Applying the foregoing authority, Plaintiff has not described any exceptional circumstances to justify a request for appointment of counsel at this time.  First, due to the limited number of *pro bono* counsel who are willing and available and the large number of prisoners who would like the help of volunteer attorney services, the Court generally waits to seek *pro bono* counsel for Plaintiff until the dispositive motion deadline has passed and/or any of Plaintiff's claims survive dispositive motion practice.  Here, the sole Defendant has only recently appeared.  (ECF No. 12.)  Thus, this case is in its infancy.  In fact, Defendant's appearance is so recent that the Court has yet to conduct a scheduling conference or issue a case management scheduling order.

Second, even if Plaintiff "is indigent," *and* "rely[ing] upon other prisoners for legal assistance [who are not] familiar with the complexities of 1983 law[,]" *and* "is not in the position to perform any investigations, discovery, depositions, or garner facts to support his Eighth Amendment claim[,]" *and* even if he "will be confronted with conflicting testimony," (ECF No. 13, PageID.52 ¶¶ 1, 2, 4-5), Plaintiff has, thus far, illustrated his ability to articulate and adequately communicate his requests to the Court.  His complaint's "Statement of Facts" and

4

"Statement of Claims" are succinct and understandable, as is the instant motion. (ECF No. 1, PageID.5-7; ECF No. 13, PageID.52-53.) Moreover, Plaintiff sought and was granted leave to proceed *in forma pauperis*. (ECF Nos. 2-3; *see also* ECF No. 10.)[3]

Finally, the allegations underlying Plaintiff's complaint concern alleged deliberate indifference to a serious medical need in violation of the Eighth Amendment to the United States Constitution. (*See* ECF No. 1, PageID.6-7.) Thus, there is no indication that Plaintiff will be deprived of his *physical liberty* over and above his current sentence if he loses this civil case.[4] Nor does the case present unusually complex issues. The reasons given by Plaintiff for his need to have counsel would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute exceptional circumstances. Most non-lawyers have

---

[3] Plaintiff has filed an MDOC "Authorization for Release of Information," which is executed in this Court's favor. (ECF No. 6.) The utility of this release seems questionable, as the *parties* will be the ones to file matters in this case. In other words, where, as here, Plaintiff's dental treatment is at issue, it is more likely that *Defendant Buckner* would seek such a release. Nonetheless, the Court suspects Plaintiff's MDOC release is an acknowledgment that certain records have been placed in issue.

[4] Plaintiff is currently serving a sentence imposed on January 8, 2016 in Case No. 2015-17742-FH (Lenawee County), if not also a sentence imposed on July 28, 2014 in Case No. 2013-0000001991-FH (Calhoun County). *See* www.michigan.gov/corrections, "Offender Search," last visited Feb. 18, 2020.

only limited knowledge of the law. Many cases require considerable discovery. Nearly all cases involve conflicting testimony between the respective litigants.

### D. Order

Upon consideration, Plaintiff's February 14, 2020 motion for the appointment of counsel (ECF No. 13) is **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or other circumstances demonstrate such a need in the future.

The Court will set discovery and dispositive motion deadlines by entry of a scheduling order, under separate cover.

**IT IS SO ORDERED.**


Dated: February 20, 2020              _____
                                      Anthony P. Patti
                                      UNITED STATES MAGISTRATE JUDGE